IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 21, 2019

**UGENIO RUBY RUIZ v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2011-C-2109    Steve R. Dozier, Judge**

————————————————————

**No. M2019-00062-CCA-R3-PC**

————————————————————

JOHN EVERETT WILLIAMS, P.J., dissenting.

I respectfully dissent from the majority's opinion granting the delayed appeal because I conclude that the Tennessee Supreme Court, in denying the Petitioner's request to late-file his appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure ("Rule 11 application"), has already reviewed the substantive underlying issues of the appeal in determining not to accept the late-filed appeal in the interest of justice.

This case does not present a situation whereby appellate counsel failed to file a Rule 11 application. Rather, the Rule 11 application was untimely as it was not filed within sixty days of entry of this court's judgment, and the Tennessee Supreme Court declined to waive the untimely filing of the application in the interest of justice and dismissed the application. *See* Tenn. R. App. P. 11(b).

While our supreme court recognized in *Williams v. State*, 44 S.W.3d 464, 473 (Tenn. 2011), that "an untimely application for permission to appeal to this Court does not constitute 'an appeal'" for the purposes of the statute of limitations for filing at post-conviction petition, Rule 11(b) provided at that time that the timely filing of a Rule 11 application was jurisdictional and did not grant the Tennessee Supreme Court the authority to waive the untimely filing of a Rule 11 application. In 2012, Rule 11(b) was amended to provide that the time period for filing a Rule 11 application is not jurisdictional in cases arising from this court and may be waived by our supreme court in the "interest of justice." "The amendment is based upon a similar provision governing notices of appeal in criminal cases." Tenn. R. App. P. 11(b) Advisory Commission Cmt. (citing Tenn. R. App. P. 4(a)). While both Rule 11(b) and Rule 4(a), which governs the waiver of the untimely filing of a notice of appeal in criminal cases, provide for waiver in the "interest of justice," neither of the rules lists the factors that the court must consider in

determining whether waiver is in the "interest of justice." This court has determined that it will consider "'the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case'" in determining whether waiver of an untimely notice of appeal is in the "interest of justice." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). Our supreme court likewise has considered the rulings of a trial court and the status of the applicable law in concluding that the waiver of the untimely notice of appeal is in the "interest of justice." *See State v. Hatcher*, 310 S.W.3d 788, 804 (Tenn. 2010).

Appellate counsel filed both a motion for permission to late-file a Rule 11 application and a Rule 11 application setting forth the issues that the Petitioner sought to appeal. Unlike the majority, I conclude that our supreme court did review the issues raised in the Rule 11 application, especially given our supreme court's previous consideration of a trial court's rulings and the status of the law in determining whether the interest of justice warrants the waiver of an untimely filing of a notice of appeal. *See id.* Certainly declining to waive the untimely filing of a Rule 11 application would not be in the interest of justice if the issues raised by a defendant otherwise met the criteria for review under Rule 11(a). On numerous occasions, our supreme court has granted a request to late-file a Rule 11 application and then demonstrated its disagreement with this court's opinion in the case by designating the opinion "not for citation." *See e.g., Brett A. Patterson v. State*, No. M2017-00978-SC-R11-ECN (Tenn. Dec. 6, 2018) (order); *State v. Nathaniel Morton Champion*, No. M2016-01648-SC-R11-CD (Tenn. Oct. 11, 2018) (order); *State v. Milvern Hoss, Jr.*, No. M2016-01937-SC-R11-CD (Tenn. Apr. 18, 2018) (order); *State v. Alexander K. Carney*, No. W2015-01265-SC-R11-CD (Tenn. Nov. 22, 2016) (order).

I disagree with the majority's conclusion that appellate counsel unilaterally deprived the Petitioner of the right to seek second-tier review. Rather, I conclude that the majority's opinion is tantamount to a request for our supreme court to re-review issues regarding which our supreme court has previously denied relief. I am trying to heed the caution of the supreme court to avoid substituting our own judgment for the judgment of those with authority to render such decisions. *See Cordarius Maxwell v. State*, No. W2018-00318-SC-R11-PC (Tenn. Sept. 3, 2019) (order) (concluding that this court improperly substituted its opinion for that of the legislature), *pet. to rehear denied* (Tenn. Sept. 24, 2019); *State v. Quintis McCaleb*, No. E2017-01381-SC-R11-CD, 2019 WL 3940922, at *15 (Tenn. Aug. 21, 2019) (concluding that this court improperly substituted its opinion for that of the trial court).

I would affirm the post-conviction court's decision to deny the Petitioner delayed appeal, and I would deny a stay of the resolution of the remaining issues raised by the Petitioner. Accordingly, I must dissent.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE